IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPECTORSOFT CORPORATION, <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Helios Software, LLC and Pearl Software, Inc., by and for their Complaint against SpectorSoft Corporation for infringement of U.S. Patent No. 8,930,535 (the "'535 Patent") (the "Patent-in-Suit") pursuant to 35 U.S.C., allege as follows:

**THE PARTIES**

1. Plaintiff Helios Software, LLC ("Helios") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 64 East Uwchlan Avenue, Suite 230, Exton, Pennsylvania 19341.

2. Plaintiff Pearl Software, Inc. ("Pearl") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 64 East Uwchlan Avenue, Suite 230, Exton, Pennsylvania 19341.

3. Defendant SpectorSoft Corporation is a corporation organized and existing under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code ("U.S.C."). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5. Defendant has conducted and does conduct business within the State of Delaware, directly or through intermediaries or agents, or makes, sells, offers for sale, advertises (including through the provision of interactive Internet web pages) products or services, and uses or induces others to use, in this district, products or services that infringe the '535 Patent.

6. In addition to Defendant's continuous and systematic conduct of business in Delaware, the causes of action against it in this Complaint arose from or are connected with its purposeful acts committed in Delaware, including its directly infringing, contributorily infringing, or inducing infringement of the Patent-in-Suit by, among other activities, making, selling, offering to sell, and using and inducing others to use software that embodies one or more claims or practices one or more methods claimed in the patent-in-suit.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this judicial district, and have committed acts of infringement in this judicial district.

## THE PATENT-IN-SUIT

8. On January 6, 2015, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,930,535, titled "Method for Managing Computer Network Access." A true and correct copy of the '535 Patent is attached as Exhibit A. The '535 Patent is valid and enforceable.

9. Helios is the assignee of all right, title, and interest in and to the Patent-in-Suit and possesses all rights of recovery under them, including the exclusive right to recover for infringement, and Pearl holds an exclusive license under the Patent-in-Suit.

## GENERAL ALLEGATIONS

10. Inventors David Fertell ("Fertell") and Joe Field ("Field") pioneered the field of remotely monitoring online computer activity and started Pearl Software, Inc. in 1996. Recognizing how inappropriate material accessible on the Internet presents risks to children, employers, and organizations, Fertell and Field developed efficient and reliable methods of monitoring and controlling Internet activity. Their work received many accolades from the technical press and civic leaders such as the White House's Internet taskforce. The Patent Office awarded Fertell and Field several patents in the field including the Patent-in-Suit.

11. For years, Pearl Software and Fertell worked hard, expending significant resources to develop the market for Internet activity monitoring and control software in schools, libraries, public organizations, private companies, government and law enforcement agencies and homes. They attended trade shows, spoke at conferences, appeared on television and radio shows, supported Internet safety not-for-profit organizations, and published articles and guides about the risks of unmonitored computer access in organizations and at home. As a result of Fertell's and Pearl's efforts, Pearl Software became the industry experts, garnering praise and awards from industry publications such as an Editor's Choice award from PC Magazine.

12. Several years after Pearl Software's products had proven the viability of the market, Defendant introduced products intended to compete with Pearl's and incorporating the technology claimed in the Patent-in-Suit.

13.     Defendant's infringing products compete directly with Pearl Software's products and are often compared head-to-head by reviewers.

### COUNT I – PATENT INFRINGEMENT

For their cause of action against Defendant, Plaintiffs allege:

14.     Plaintiffs incorporate by reference the preceding paragraphs 1-13 as set out fully herein.

15.     Defendant has infringed and is currently infringing the Patent-in-Suit, including at least claims 4, 6, and 7, in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States and Delaware, products and services embodying the inventions claimed in the Patent-in-Suit.  SpectorSoft's infringing products and services include, by way of example and without limitation, Spector 360 and Spector CNE.

16.     SpectorSoft's Spector 360 and Spector CNE software is used to control computer network access.  Spector 360 and CNE employ a client-server architecture wherein network access settings are defined at the server and enforced at clients by means of SpectorSoft Recorder Agents silently running in the background of client machines.

17.     Spector 360 and CNE employ a Primary Server that provides licensing to endpoint clients, a Control Center Server that manages communication with clients, a Data Vault Server that receives recorded activity uploaded from monitored clients running SpectorSoft Recorder Agents, and when enabled a Web Filter Server that intercepts Internet requests and applies filtering rules.

18. The Spector Control Center Server is used to manage SpectorSoft Recorder Agents and their Recorder Profiles. As soon as it is installed on a client computer, the SpectorSoft Recorder checks in to receive licensing and further instructions from the Control Center Server.

19. SpectorSoft Recorder Agents and Recorder Profiles are configured at the Spector Server and deployed to the client computers for enforcing control settings locally. Recorder Profiles contain information about network access control including settings for server web filtering, local web filtering or a combination thereof. Recorder Profiles also contain information about network access control on the basis of communication protocols. The settings are updated at the client machines by means of the Control Center Server.

20. The SpectorSoft Recorder deployed to each endpoint device operates to control and monitor network access:



21. The SpectorSoft Recorder continues to check in every 4 minutes (or as set in the Recording Profile Server settings) to receive profile changes. The SpectorSoft Recorder uploads

01:16471141.1

recorded activity every 5 minutes to the SpectorSoft Data Vault Server. Once the recorded activity is uploaded, it is deleted from the local computer.

22. In the course of normal operation, SpectorSoft's Spector 360 and Spector CNE software is used to initiate at a client computer communication sessions at a network Primary Server, Data Vault Server, and Control Center Server:



23. Spector 360 and CNE control the conveyance of data based upon control settings in the Recorder Agent Profiles for the communication protocols specified including, for example, HTTP, HTTPS, FTP, or specified websites, network addresses or client communication ports.

24. SpectorSoft directs and encourages users to install the Primary Server, Data Vault Server, and Control Center Server on the same computer.

25. SpectorSoft uses the claimed methods of the '535 Patent in operation of the Spector 360 and Spector CNE software.

26. SpectorSoft indirectly infringes one or more claims of the Patent-in-Suit by contributing to or inducing infringement by others to use computer software that embodies one or more claims of the Patent-in-Suit or practices one or more claimed methods.

27. Defendant has infringed and is currently infringing the Patent-in-Suit by actively inducing others to make, use, sell and/or offer for sale, within the United States and Delaware, products and processes embodying the inventions claimed in the Patent-in-Suit, including without limitation the software products and services identified above.

28. Defendant has infringed and is currently infringing the Patent-in-Suit by contributing to the infringement of the Patent-in-Suit by others, including without limitation by providing software products identified above.

29. Defendant directly competes with Pearl Software in the marketplace. Defendant has had actual knowledge of the '535 Patent since at least 2014 when Helios Software identified the '535 Patent and Patent Application No. 13/153,931, including the claims as issued, to SpectorSoft in the course of litigation in this Court. In 2015, Helios Software identified the issued claims.

30. Pearl Software identifies the '535 Patent as embodied in Pearl Echo Suite, software marked with the Patent-in-Suit that has been evaluated by SpectorSoft and third parties and compared to Defendant's infringing software.

31. Defendant's infringement of the Patent-in-Suit has been and continues to be willful and deliberate.

32. Plaintiffs have no adequate remedy at law against Defendant's acts of infringement and Defendant's infringement will continue unless enjoined by this Court.

33. Plaintiffs have suffered, and will continue to suffer, irreparable injury as a result of Defendant's infringement.

34. Plaintiffs are in compliance with the requirements of 35 U.S.C. § 287.

35. Plaintiffs have been damaged by Defendant's infringement, and will continue to be damaged until enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Helios and Pearl pray for the following relief:

A. That SpectorSoft be adjudged to have infringed the Patent-in-Suit, directly and indirectly, literally and/or under the doctrine of equivalents;

B. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the Patent-in-Suit;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiffs for the Defendant's infringement up until the date Defendants are finally and permanently enjoined from further infringement;

D. Adjudging that the Patent-in-Suit are valid and enforceable;

E. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F. That Defendant be directed to pay enhanced damages, including Pearl's and Helios's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

G.      That Helios and Pearl be granted such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Helios and Pearl demand a trial by jury of any and all issues triable of right before a jury.

| | |
|---|---|
| | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL: | */s/ Monté T. Squire* |
| Cabrach J. Connor | Adam W. Poff (No. 3990) |
| David E. Dunham | Monté T. Squire (No. 4764) |
| Jennifer Tatum Lee | 1000 N. King Street |
| TAYLOR DUNHAM AND RODRIGUEZ LLP | Wilmington, DE 19801 |
| 301 Congress Avenue, Suite 1050 | (302) 571-6600 |
| Austin, TX 78701 | *apoff@ycst.com* |
| (512) 473-2257 | *msquire@ycst.com* |
| *cconnor@taylordunham.com* | |
| *ddunham@taylordunham.com* | |
| *jtatum@taylordunham.com* | |
| | *Attorneys for Plaintiffs Helios Software, LLC and Pearl Software, Inc.* |

Dated: January 6, 2015