# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-20-LPS-CJB |
| SPECTORSOFT CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1. Before the Court is a motion to stay the proceedings in the instant patent infringement case ("*SpectorSoft II*"), filed by Defendant SpectorSoft Corporation ("Defendant" or "SpectorSoft"). Defendant seeks a stay of this case pending entry of judgment in a related case ("*SpectorSoft I*") between it and Plaintiffs Helios Software, LLC and Pearl Software, Inc. ("Plaintiffs"). *See Helios Software, LLC et al. v. SpectorSoft Corp.*, Civil Action No. 12-81-LPS (D. Del.). A five-day jury trial in *SpectorSoft I* is set to begin on June 15, 2015. (D.I. 14 at 1)

2. A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, Civil Action No. 11-742-LPS-MPT, 2012 WL 1267979, at *6 (D. Del. Apr. 16, 2012). This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay

would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).

3. Here, the Court need not proceed through each of these three stay factors in detail, as Plaintiffs do not contest the basic premise of Defendant's motion—that a stay of the instant case is warranted until sometime after the jury trial concludes in *SpectorSoft I*. (D.I. 14 at 1-2) Indeed, it is clear enough to the Court that the stay factors would support at least some form of limited stay. A stay could provide for some degree of simplification of the issues in *SpectorSoft II*—in light of the fact that the patent-in-suit in *SpectorSoft II* is a continuation of one of the patents at issue in *SpectorSoft I*, such that, *inter alia*, certain invalidity-related arguments made in the upcoming *SpectorSoft I* trial will likely have an impact on this matter. (D.I. 11 at 5-7) The status of this litigation also supports a stay, as this case is in its infancy. And for now, the Court can presume that a limited stay (at least through the completion of the jury trial in *SpectorSoft I*) would not cause Plaintiffs undue prejudice, nor allow Defendant a clear tactical advantage, in light of the fact that Plaintiffs do not contest the entry of that type of stay. *Cf. Infinite Data LLC v. Amazon.com Inc.*, Civil Action No. 12-1616-RGA, 2014 WL 266798, at *1-2 (D. Del. Jan. 23, 2014) (staying certain patent infringement cases against customer/users pending resolution of a case against their supplier, as resolution of that case "will most likely significantly advance the ball towards resolution of, at least, many of the [customer] cases"); *nCube Corp. v. Seachange Int'l Inc.*, Civ. Act. Nos. 01-011-JJF, 09-573-JJF, 2010 WL 2266335, at *2 (D. Del. June 4, 2010) (staying declaratory judgment action pending resolution of contempt proceedings filed in another action between the same parties as "resolution of [contempt] issues has the potential to

moot the [d]eclaratory [j]udgment [a]ction in its entirety").

4. The parties do disagree over when the stay should end. Plaintiffs will accede to a stay only until a date certain soon after the jury trial in *SpectorSoft I* concludes; they suggest August 7, 2015. (D.I. 14 at 2) Defendant counters that a bench trial on equitable issues will follow that *SpectorSoft I* jury trial, as will post-trial briefing. They argue that only after judgment has been entered in *SpectorSoft I* will all legal and factual issues from the case be firmly settled—and only then will any simplification-related benefits from the stay be fully realized here. (D.I. 16 at 3)

5. Although the jury's verdict in *SpectorSoft I* will not decide with finality every issue in that case, it is clear to the Court that the verdict itself will amount to a significant data point in the stay calculus. After that verdict, the Court and the parties will have a better (and perhaps different) sense as to whether *SpectorSoft II* should or should not move forward immediately.[1] Additionally, it is currently unclear how long it will take for: (1) the bench trial on equitable issues in *SpectorSoft I* to conclude; (2) any post-trial briefing in *SpectorSoft I* to be completed; and (3) the District Court to render a decision on the matters at issue in that post-trial briefing. A stay that concludes only after these additional matters are resolved would amount to a stay of unknown duration, one that might extend for a significant number of months after the

---

[1] Defendant also argued that declining to grant a stay would unduly prejudice it, due to all of the work required to prepare for trial in *SpectorSoft I* (work that, were *SpectorSoft II* not stayed, would need to occur at the same time as the start of discovery in *SpectorSoft II*). (D.I. 11 at 8-9) After the jury's verdict in *SpectorSoft I*, while additional work will still be required of the parties, the bulk of the trial work in the case will have been completed. Thus, to the extent that prejudice to the moving party here is relevant, *see SenoRx, Inc. v. Hologic, Inc.*, Civ. Action No. 12-173-LPS-CJB, 2013 WL 144255, at *9 n.12 (D. Del. Jan. 11, 2013), that argument is much stronger regarding the time period leading up to the jury trial, as compared to the time period thereafter.

3

*SpectorSoft I* jury trial is over. On this record, the Court is unwilling to sign on to a stay of such indeterminate length. For these reasons, the Court will GRANT Defendant's motion seeking a stay of this case, but will ORDER that: (1) the stay will extend until **August 28, 2015**; and (2) by **July 24, 2015**, the parties shall provide the Court with a joint letter, updating the Court as to whether either or both parties intend to move to extend the stay prior to its expiration.

6. Lastly, as to Plaintiffs' additional request that the Court "enjoin SpectorSoft from seeking to initiate any new proceeding including any post-grant review, *inter partes* review, or covered business method patent proceeding in the Patent Office[,]" (D.I. 14 at 1-2), the Court will DENY that request. The Court agrees with Defendant, (D.I. 16 at 1-2), that such a request for relief should have come in the form of a stand-alone motion pursuant to Local Rule 7.1.2 (which it has not), and that in any event, Plaintiffs have provided the Court with no argument or legal authority indicating that the Court has the power to issue such an injunction (or that, if the Court did have the power to do so, that it *should* do so).

7. It is SO ORDERED.

Dated: March 25, 2015

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Christopher J. Burke
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE